## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TAMICA J. SMITHSON,

      Appellant,

      v.

DEPARTMENT OF DEFENSE,

      Agency.

DOCKET NUMBER
DC-0752-24-0192-I-3

DATE: June 10, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

Tamica J. Smithson, Noblesville, Indiana, pro se.

Jonathan A. Beyer and Richard Kelly, APO, Armed Forces Europe, the Middle East, and Canada, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal for medical inability to perform duties. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the initial decision's findings that the agency proved its charge of medical inability and that the appellant did not prove her affirmative defenses of disability

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discrimination based on her status as disabled and the agency's failure to reasonably accommodate her, retaliation for prior equal employment opportunity (EEO) activity and requesting reasonable accommodations, and harmful procedural error. We VACATE the findings on nexus and penalty, and we REMAND the case to the regional office for adjudication of the appellant's affirmative defense of whistleblower retaliation under 5 U.S.C. § 2302(b)(9)(C), in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We supplement the administrative judge's analysis that the appellant did not establish her affirmative defense of reprisal for her protected EEO activity of opposing discrimination and requesting reasonable accommodations.</u>

On review, the appellant challenges the administrative judge's finding that the appellant failed to establish her affirmative defense of reprisal for her EEO activity of opposing disability discrimination and requesting reasonable accommodations. Petition for Review (PFR) File, Tab 1 at 19; *Smithson v. Department of Defense*, MSPB Docket No. DC-0752-24-0192-I-3, Appeal File (I-3 AF), Tab 24, Initial Decision (ID) at 15. Specifically, she argues that the administrative judge did not consider evidence that the agency's August 28, 2023 notice of temporary reassignment was retaliatory, in that it imposed an unwarranted restriction prohibiting her from communicating with students, staff, or parents despite her having no record of misconduct. PFR File, Tab 1 at 19. She also argues that the administrative judge did not consider the suspicious timing between her October 4, 2023 amendment of her pending EEO complaint and the agency's issuance of her proposed removal on October 6, 2023. *Id.* While we ultimately agree with the administrative judge's finding that the appellant failed to establish her affirmative defense, we supplement his analysis here.

The Americans with Disabilities Act prohibits discriminating against any individual because such individual has engaged in protected activity. *Pridgen v.*

*Office of Management and Budget*, 2022 MSPB 31, ¶ 44.  An employee proves a claim of retaliation for requesting a reasonable accommodation or opposing disability discrimination by showing that the employment action would not have occurred but for the employee's protected activity.  *Id.*, ¶¶ 44-47.  Under a but-for causation standard, an agency "cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision."  *Bostock v. Clayton County*, 590 U.S. 644, 656 (2020) (emphasis in original).  An employer is liable if the prohibited consideration "was one but-for cause of [its] decision." *Id.*

We agree with the administrative judge's finding that the direct cause of the appellant's removal was her worsening medical conditions, which caused her to be unable to safely and efficiently perform her core teaching duties.  ID at 15. The record shows that the appellant made reasonable accommodation requests, which were granted by the agency, and that she made EEO complaints prior to the agency issuing her the notice of temporary reassignment and the proposed removal.  *See e.g., Smithson v. Department of Defense*, MSPB Docket No. DC-0752-24-0192-I-1, Initial Appeal File (IAF), Tab 3 at 11, 134, Tab 11 at 10-12.  Indeed, the record reflects that, throughout her last 13 years of employment at Vilseck High School, the appellant consistently engaged in protected activities of opposing discrimination and requesting accommodations, and that the agency continued to grant her accommodations that gave her some flexibility while still ensuring that she could perform her position.  IAF, Tab 3 at 11, 35, 134, Tab 11 at 10-12; I-3 AF, Tab 9 at 4-5, Tab 12 at 14.

Further, as the administrative judge explained in the initial decision, the agency has consistently maintained that in-person attendance has been, and continues to be, an essential function of the appellant's position.  ID at 5-10.  In 2018, well before the appellant engaged in the protected activities at issue here and before the officials involved in her removal had arrived at Vilseck High School, the then-principal denied her request to not attend in-person in the

morning because he determined that full-day in-person attendance was an essential function of her teaching position. IAF, Tab 11 at 11-12. The fact that the agency temporarily allowed the appellant and other teachers detailed to Department of Defense Education Activity (DoDEA) Virtual High School to work from home during the COVID-19 pandemic does not suggest retaliation. To the contrary, the agency demonstrated that it accommodated the appellant's COVID-19 vulnerability with remote work when there was increased demand in full-time virtual school enrollment for students who needed online instruction due to their own health vulnerabilities. I-3 AF, Tab 12 at 14, Tab 13 at 4. Based on the above, we agree with the administrative judge's finding that the appellant did not establish her affirmative defense of retaliation for her protected EEO activity of opposing disability discrimination and requesting reasonable accommodations.

Remand is necessary for adjudication of the appellant's whistleblower retaliation affirmative defense under section 2302(b)(9)(C).

On review, the appellant argues that although the administrative judge acknowledged her protected EEO activity, he erred in not addressing her claim of whistleblower retaliation under 5 U.S.C. § 2302(b)(9).[2] PFR File, Tab 1 at 18-21. Specifically, in her initial appeal and pleadings below, the appellant alleged that

---

[2] In the order and summary of the prehearing conference, the administrative judge first assigned to the appeal excluded the appellant's whistleblower retaliation defense, finding that appellant's argument was "part of the appellant's disability discrimination and retaliation claim." IAF, Tab 16 at 4. After the appellant withdrew her hearing request, the newly assigned administrative judge issued an order and summary of the close of record conference, which also excluded the appellant's whistleblower reprisal affirmative defense among the issues to be decided in the appeal. I-3 AF, Tab 7 at 3, Tab 8 at 3. Although the pro se appellant did not expressly object to the order, she filed a close of record submission in which she continued to raise the affirmative defense of whistleblower retaliation under 5 U.S.C. § 2302(b)(9). I-3 AF, Tab 15 at 13, Tab 19 at 14. She also raised the defense in her petition for review. PFR File, Tab 1 at 18-21. Therefore, based on the above circumstances, we find that the appellant did not waive her defense of whistleblower retaliation under 5 U.S.C. § 2302(b)(9). *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-28 (discussing a list of nonexhaustive factors the Board will consider in determining whether an appellant waived an affirmative defense).

the agency removed her in retaliation for her EEO activity and disclosures to the agency's EEO Programs office that the agency was not properly processing her request for a reasonable accommodation, and that she "exposed" the agency's "underdeveloped process for requesting reasonable accommodations." *See e.g.*, IAF, Tab 1 at 2, Tab 16 at 4; I-3 AF, Tab 15 at 13.

Under 5 U.S.C. § 2302(b)(9)(C), it is a prohibited personnel practice to take a personnel action against an employee in reprisal for "cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law." The Board has recently held that section 2302(b)(9)(C), unlike section 2302(b)(8), is devoid of explicit content-based limitations. *See Holman v. Department of the Army*, 2025 MSPB 2, ¶ 12; *Reese v. Department of the Navy*, 2025 MSPB 1, ¶ 46. Furthermore, the agency's EEO Programs office, which processed the appellant's EEO complaint, appears to be a component responsible for internal investigation or review. IAF, Tab 3 at 11, 131-34. We therefore conclude that, regardless of the specific allegations the appellant made in her EEO complaint, her whistleblower retaliation claim is cognizable under section 2302(b)(9)(C) and distinct from her claim of retaliation under Title VII. *See Holman*, 2025 MSPB 2, ¶¶ 12-13 (finding that an agency EEO office constituted an agency "component responsible for internal investigation or review," such that filing a complaint with the EEO office is protected activity under 5 U.S.C. § 2302(b)(9)(C)).

The Board has required its administrative judges to apprise appellants of the applicable burdens of proving a particular affirmative defense, as well as the kind of evidence required to meet those burdens. *Erkins v. U.S. Postal Service*, 108 M.S.P.R. 367, ¶ 8 (2008). When an administrative judge fails to inform the parties of their burdens and methods of proof, and the appellant has not withdrawn or abandoned the affirmative defense, the Board typically remands the appeal so the administrative judge can afford such notice and an opportunity to

submit evidence and argument under the proper standard. *Id.*; *see, e.g.*, *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 7 (2015). Here, the administrative judge did not provide the parties with notice of their respective burdens of proof regarding the appellant's section 2302(b)(9)(C) claim.

Accordingly, we remand the appeal for further development of the record and a finding on the merits of that defense. Upon remand, the administrative judge should apprise the parties of their burdens of proof, afford the parties the opportunity to conduct discovery on the issue, and allow for supplemental briefing on the issue. He first must determine whether the appellant established that she engaged in such protected activity, then consider whether that activity was a contributing factor in the removal at issue in this appeal. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 11 (2016). If the appellant establishes those factors by preponderant evidence, then the administrative judge must consider whether the agency met its burden by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected activity. *Id.*

In the remand initial decision, the administrative judge may adopt his previous findings regarding the charge and the appellant's affirmative defenses of disability discrimination based on her status as disabled and the agency's failure to reasonably accommodate her, retaliation for prior EEO activity and requesting a reasonable accommodation, and harmful procedural error. If the appellant fails to prove her affirmative defense of whistleblower retaliation under section 2302(b)(9)(C), the administrative judge may adopt his original findings regarding nexus and the penalty, if appropriate. However, if any argument or evidence on the appellant's affirmative defense affects the administrative judge's analysis of the nexus and the penalty, he should address such argument or evidence in the remand initial decision.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                          _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.